Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
**LAW OFFICE OF KEVIN L. HERNANDEZ**
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
T: (702) 563-4450
F: (702) 552-0408
kevin@kevinhernandezlaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MELVIN I. KORNBERG, an individual;<br><br>Plaintiff,<br><br>v.<br><br>TRANS UNION LLC, a foreign limited-liability company; SANTANDER CONSUMER USA, INC., a foreign corporation;<br><br>Defendants. | Case No.: 2:18-cv-1789<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681, ET. SEQ.**<br><br>**JURY DEMAND** |

Plaintiff, Melvin I. Kornberg ("Plaintiff"), by and through his attorney of record, Kevin L. Hernandez, Esq., and for his claims for relief against Defendants, Trans Union LLC ("Trans Union") and Santander Consumer USA, Inc, ("Santander"), (collectively referred to as "Defendants"), complains and alleges as follows:

## JURISDICTION AND VENUE

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et. seq.* ("FCRA").

2. This court has jurisdiction over this matter under 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

3. Under 28 U.S.C. § 1391(b), venue in this District is proper because Plaintiff and Defendants reside and/or do business in the District of Nevada.

4. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the District of Nevada.

**PARTIES**

5. Plaintiff is an adult individual residing in the State of Nevada.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

7. Santander is a foreign corporation doing business in the State of Nevada.

8. Santander regularly and in the ordinary course of business furnishes credit information about consumers, such as Plaintiff, to the national consumer reporting agencies, and is therefore a "furnisher" as contemplated by 15 U.S.C. § 1681s-2(b).

9. Trans Union is a foreign limited-liability company doing business in the State of Nevada.

10. Trans Union is a "consumer reporting agency" as defined in 15 U.S.C. § 1681a(f).

11. Trans Union is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C. § 1681a(d).

12. Trans Union disburses consumer reports to third parties under contract for monetary compensation.

**FACTUAL ALLEGATIONS**

13. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

14. On or about April 23, 2012, Plaintiff and Santander entered into a Retail Installment Contract for purchase of a motor vehicle ("Contract").

15. On or about February 2015, Plaintiff and Santander entered into a Temporary Modification Agreement ("Modification"), wherein Plaintiff would pay a reduced amount each month from February 2015 to July 2015.

16. In exchange, Santander would extend the maturity date of the Contract and Plaintiff would be responsible for the unpaid portion of the payment amount at a later date.

17. Plaintiff made all required payments under the Modification.

18. On or about April 2018, Plaintiff became aware that Santander and Trans Union were reporting inaccurate information regarding Santander Loan # 3000011420848XXXX (the "Account"), the loan tied to the Contract and Modification, on his national credit profiles.

19. Santander and Trans Union report that Plaintiff missed payments in June 2015, July 2015, August 2015, December 2015, January 2016, February 2016, March 2016, April 2016, May 2016, and June 2016 when Plaintiff made on-time payments to Santander for each of these months.

20. Additionally, during this timeframe, Santander failed to update the balance for the Account to reflect any payments.

21. Santander also charged late fees for those months in which Plaintiff made timely payments under the Modification and Contract, thereby artificially increasing the balance due and owing under the Contract and reflected in the Account.

22. Santander and Trans Union report that the Account has a balance of $11,575 when this is an artificially inflated balance and inaccurate.

23. In April 2018, Plaintiff disputed the accuracy of the information furnished by Santander to Trans Union in writing.

24. Despite proper notice of the disputes, Defendants each failed to conduct reasonable reinvestigations as required under the FCRA and confirmed and verified the false and derogatory information and demanded that the false and derogatory information remain on Plaintiff's credit profile.

25. Defendants failed to fully correct the inaccuracies in Plaintiff's credit report within thirty (30) days of receipt of Plaintiff's disputes.

26. Defendants also fail to report that Plaintiff disputes the accuracy of their credit reporting.

27. Upon notice of Plaintiff's disputes of the inaccurate information, Defendants each failed to evaluate or consider any of Plaintiff's information, claims, or evidence and did not make any attempt to substantially or reasonably verify the disputed account information on Plaintiff's credit reports.

28. In the alternative, Defendants each failed to conduct a lawful investigation of the disputed account information on Plaintiff's credit reports.

29. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness and credit score adversely.

## FIRST CLAIM FOR RELIEF

### [Violations of the FCRA, 15 U.S.C. § 1681e(b) against Trans Union]

30. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

31. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files it publishes and maintains concerning Plaintiff.

32. As a direct and proximate result of this conduct, action, and inaction of Trans Union, Plaintiff suffered, and continue to suffer, damage by loss of credit, and loss of the ability to purchase and benefit from credit.

33. As a direct and proximate result of this conduct, action, and inaction of Trans Union, Plaintiff was forced to purchase and maintain credit monitoring services.

34. Trans Union's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

35. In the alternative, Trans Union was negligent in the above-referenced acts and omissions, entitling Plaintiff to recovery under 15 U.S.C. § 1681o.

36. As a direct and proximate result of the above-referenced violations by Trans Union, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

37. Plaintiff is entitled to recover costs and attorneys' fees from Trans Union, in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

38. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

39. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

## SECOND CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681i against Trans Union]**

40. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

41. Trans Union violated 15 U.S.C. § 1681i by failing to delete or correct the aforementioned inaccurate information in Plaintiff's credit files after receiving actual notice of these inaccuracies, by failing to conduct a lawful reinvestigation, by failing to forward all relevant information to Santander, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by relying upon verification from a source it has reason to know is unreliable.

42. Trans Union further violated 15 U.S.C. § 1681i by failing to report that Plaintiff disputes the validity of the credit reporting associated with the Account.

43. As a direct and proximate result of this conduct by Trans Union, Plaintiff suffered, and continues to suffer, damage by loss of credit, loss of ability to purchase and benefit from credit, and credit denials.

44. As a direct and proximate result of this conduct, action, and inaction of Trans Union, Plaintiff was forced to purchase and maintain credit monitoring services.

45. Trans Union's conduct was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the court under 15 U.S.C. § 1681n.

46. Plaintiff is entitled to recover costs and attorneys' fees from Trans Union in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

## THIRD CLAIM FOR RELIEF

**[Violations of the FCRA, 15 U.S.C. § 1681s-2(b) against Santander]**

47. Plaintiff reincorporates by reference all preceding paragraphs as if fully set forth below.

48. Santander violated the FCRA, 15 U.S.C. § 1681s-2(b) by continuing to report the false representations within Plaintiff's credit files with Trans Union; by failing to investigate Plaintiff's dispute properly; by failing to review all relevant information regarding Plaintiff's dispute; by failing to respond to Trans Union accurately; by failing to report results on Plaintiff's credit file correctly; and by failing to permanently and lawfully correct its own internal records to prevent the aforementioned violations.

49. As a direct and proximate result of this conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, damage by loss of credit, and loss of ability to purchase and benefit from credit.

50. As a direct and proximate result of this conduct, action, and inaction of Santander, Plaintiff was forced to purchase and maintain credit monitoring services.

51. Santander's acts and omissions were willful, rendering it liable for punitive damages in an amount to be determined at trial on the merits under 15 U.S.C. § 1681n.

52. In the alternative, Santander was negligent in the above-referenced acts and omissions, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

53. As a direct and proximate result of the above-referenced violations by Santander, Plaintiff is entitled to statutory damages plus actual damages to be proven at the time of trial in this matter.

54. Plaintiff is entitled to recover costs and attorneys' fees from Santander in an amount to be determined by the court under 15 U.S.C. § 1681n or § 1681o.

55. Plaintiff may have suffered damages in other ways and to other extents not presently known to Plaintiff, and not specified in this Complaint.

56. Plaintiff reserves the right to assert additional facts and damages not referenced in this Complaint, and/or to present evidence of the same at the time of trial.

**WHEREFORE,** Plaintiff prays for relief as follows:

1. For an award of actual damages;
2. For an award of statutory damages;
3. For punitive damages;

4. For an award reimbursing Plaintiff for reasonable attorney's fees, costs, and interest incurred; and

5. For such other further relief as the court deems proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS.**

Dated: September 14, 2018

**LAW OFFICE OF KEVIN L. HERNANDEZ**

*/s/ Kevin L. Hernandez*
Kevin L. Hernandez, Esq.
Nevada Bar No. 12594
2510 Wigwam Parkway, Suite 206
Henderson, Nevada 89074
kevin@kevinhernandezlaw.com
***Attorney for Plaintiff***